[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11690
Non-Argument Calendar

_____

D.C. Docket No. 8:93-cr-00209-SDM-EAJ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY EARL LEE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 6, 2018)

Before MARCUS, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Bobby Earl Lee, proceeding pro se, appeals the district court's denial of his motion to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the Sentencing Guidelines. He argues that, following the

commutation of his life sentence, he became eligible for further sentence reduction based on the amount of drugs that his offense involved.  After careful review, we affirm.

We review the district court's conclusions about the scope of its legal authority under § 3582(c)(2) de novo.  United States v. Colon, 707 F.3d 1255, 1258 (11th Cir. 2013).  A district court may modify a defendant's term of imprisonment if the defendant was sentenced based on a sentencing range that subsequently has been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).  Any reduction, however, must be consistent with the Sentencing Commission's policy statements.  Id.  A defendant is eligible for a sentence reduction under § 3582(c)(2) when an amendment listed in U.S.S.G. § 1B1.10(d) lowers his guidelines range that was calculated by the sentencing court prior to any departure or variance.  U.S.S.G. § 1B1.10, comment. (n.1(A)).

When the district court considers a § 3582(c)(2) motion, it first must recalculate the guidelines range under the amended guidelines.  United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000).  When recalculating the guidelines range, it can only substitute the amended guideline and must keep intact all other guidelines decisions made during the original sentencing.  Id. The district court next considers the § 3553(a) factors.  Id. at 781.  But if a defendant is not affected

2

by an amendment, the court need not consider the § 3553(a) factors. See United States v. Webb, 565 F.3d 789, 793 (11th Cir. 2009).

Amendment 782 provides a two-level reduction in the base offense levels for most drug quantities listed in the Drug Quantity Table in U.S.S.G. § 2D1.1(c). U.S.S.G. App. C, amend. 782. A district court is not authorized to reduce a defendant's sentence under § 3582(c)(2) where a retroactively applicable guidelines amendment reduces his base offense level but does not alter the guidelines range upon which his sentence was based. United States v. Moore, 541 F.3d 1323, 1328-30 (11th Cir. 2008). Specifically, when a drug offender is sentenced under the career-offender guideline in § 4B1.1, the guidelines range upon which his sentence is based is calculated from § 4B1.1, not § 2D1.1. United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir. 2012). Because an amendment to § 2D1.1 does not affect a career offender's guidelines range, he is ineligible for a sentence reduction under § 3582(c)(2) based on an amendment to that guideline. Id. Moreover, "[t]he law is clear that a sentencing court lacks jurisdiction to consider a § 3582(c)(2) motion, even when an amendment would lower the defendant's otherwise-applicable Guidelines sentencing range, when the defendant was sentenced on the basis of a mandatory minimum." United States v. Mills, 613 F.3d 1070, 1078 (11th Cir. 2010).

Here, the district court did not err in rejecting Lee's § 3582 motion. For starters, Lee's guideline-range minimum was determined by the mandatory minimum sentence for Count 2. 21 U.S.C. § 841(b)(1)(A). As a result, although Amendment 782 would reduce his base offense level if it were calculated based on drug weight, it would not alter the guidelines-range minimum because the guidelines range would still be based on the mandatory minimum sentence. See Mills, 613 F.3d at 1077-78.

In any event, even absent his mandatory-minimum sentence, Lee would have been sentenced as a career offender. As we've held, when a drug offender is sentenced under the career-offender guideline in § 4B1.1, his total offense level and guideline range is determined by the career-offender guideline in § 4B1.1, not § 2D1.1. See Lawson, 686 F.3d at 1321. While Lee argues he was not sentenced as a career offender, the district court and his counsel both noted at sentencing that he was a career offender and would face a range of 360-months to life, plus the consecutive § 924(c) sentence, based on his applicable guideline calculations.

Accordingly, the district court did not err in concluding that Lee was ineligible for a sentence reduction pursuant to § 3582(c)(2) and Amendment 782, and it therefore did not need to consider the § 3553(a) factors. See Webb, 565 F.3d at 793. Moreover, because Lee is not entitled to relief based on at least two grounds -- the statutory mandatory minimum and the career offender guideline --

4

we have no occasion to address whether a commuted sentence is eligible for further reduction under § 3582(c)(2).

**AFFIRMED**.